IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DASH SYSTEMS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> LINDA ELLIS, <br> d/b/a LINDA'S LYRICS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action <br> ) <br> ) File No. \_\_\_1:-07-CV-1048 <br> ) <br> ) <br> ) <br> ) COMPLAINT FOR COPYRIGHT MISUSE <br> ) AND FOR DECLARATORY RELIEF OF <br> ) NON-INFRINGEMENT OF COPYRIGHT <br> ) <br> ) JURY TRIAL DEMANDED |

## VERIFIED COMPLAINT

1.  This is a civil action seeking damages and relief for copyright misuse and for declaratory relief of non-infringement of copyright, as well as for tortious interference with business relations under Georgia law.

2.  This case arises out of legal threats made by defendant LINDA ELLIS and her agents to national booksellers and mass distributors of books against books and publications of DASH SYSTEMS, LLC., namely threats of copyright litigation against such re-sellers of Plaintiff's publications, in an unlawful attempt to stifle public access to and purchase of Plaintiff's publications. These threats by defendant ELLIS have jeopardized Plaintiff's First Amendment - protected right to free speech, as well as Plaintiff's right to publish and distribute that speech and any publications embodying that speech, in an unfettered manner in the markets of the United States and abroad, as well as via Plaintiff's Internet facilities. Plaintiff therefore seeks a judgment that the expressions of its ideas, in Plaintiff's publications, in book form and on the Internet, do not infringe on any copyright held by defendant LINDA ELLIS, and that all

1

Plaintiff's publications are protected by the First Amendment, before defendant LINDA ELLIS's wrongful threats of further copyright litigation silence that expression.

## PARTIES

3. Plaintiff DASH SYSTEMS, LLC ("DSLLC") is a New York corporation with its principal place of business in Nassau County, New York.

4. Defendant LINDA ELLIS d/b/a LINDA'S LYRICS ("Defendant") is a Georgia resident at 1050 E. Piedmont RD., Suite E-125, Marietta, Georgia 30062, and such defendant is therefore subject to the jurisdiction of this Court and may be served with legal process at such address.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over the federal claims pursuant to the Copyright Act (17 U.S.C. Sections 101 et seq.), 28 U.S.C. Sections 1331 and 1338, and the Declaratory Judgment Act (28 U.S.C. Section 2201).

6. Plaintiff is informed, and thereon alleges that based upon the places of business of the Plaintiff and Defendant, Plaintiff's Internet sites, and the actions of the Defendant occurring in this district as set forth herein, a substantial part of the events giving rise to the claims herein alleged occurred in this district and that Defendant may be found in this district.

## FACTUAL ALLEGATIONS

7. Plaintiff Dash Systems, LLC. ("DSLLC") is the owner of all rights in and to "The Dash System," a series of motivational books, CD's, workbooks, and associated life coaching, which were created to help people absorb the lessons set forth in Eric Aronson's book, "The Dash."

8. Beginning in October, 2003, defendant ELLIS filed a lawsuit against DSI (Linda Ellis v. Dash Systems, Inc. et al, Case No. 1:03-CV-03086 RWS, United States District Court for the Northern District of Georgia, hereinafter referred to as the "Ellis Lawsuit") alleging, inter alia, that DSI had infringed her copyright in a poem by ELLIS entitled "The Dash."

9. The Ellis Lawsuit resulted in an Order by the Court dated May 19, 2005, holding that, so long as defendant ELLIS' poem "The Dash" was either removed or not included in DSI books and publications, DSI could freely use of the word "Dash" in its books, websites or other publications without any legitimate claim by ELLIS that ELLIS' intellectual property had been misappropriated or that a copyright owned or held by ELLIS had been infringed thereby.

10. Since June, 2005, plaintiff DSLLC has invested substantial sums of money developing, refining and marketing the "Dash" motivational tools and approaches initially created by and for DSI into "The Dash System" and its series of motivational books, CD's, workbooks, and associated life coaching.

11. Nowhere in "The Dash System" or any other product marketed by DSLLC is there contained any portion of or reference to Linda Ellis' poem entitled "The Dash."

12. The public reaction to the marketing of "The Dash System" has been overwhelming. Hundreds of thousands of Internet users have visited the DSLLC websites for information on the books, tapes, and life coaching, and many of such visitors have passed the links to the DSLLC locations for "The Dash System" onto friends and colleagues via e-mail and word of mouth.

13. Beginning in or about June, 2005, and continuing to the present, despite the fact that no mention or reference to defendant ELLIS' poem is made or set forth anywhere in the DSLLC-marketed series "The Dash System" books or associated products, defendant ELLIS and her agents and employees began communicating orally and in writing with national and regional United States booksellers, including but not limited to "Borders" and "Barnes and Noble" certain misstatements and misrepresentations about "The Dash System" and plaintiff DSLLC DSLLC (hereinafter, the "Ellis Communications"). See Exhibit A, attached hereto.

14. As set forth in Exhibit A, the Ellis Communications included wrongful and misleading statements by Ellis and her agents and employees incorrectly stating or implying that the federal court in the Ellis Lawsuit had determined that the publication and sale of "The Dash

System" infringed a copyright held by defendant ELLIS, and that any sale by any bookseller of "The Dash System" was in violation of the orders of such federal court and further, that any sale of a publication forming part of the "Dash System" was a further infringement of defendant Ellis' copyright..

15. Plaintiff DSLLC is further informed, believes and thereon alleges, that the Ellis Communications caused great apprehension and concern to mass booksellers, including but not limited to Borders and Barnes and Noble, that copyright litigation might be commenced by defendant ELLIS against such booksellers unless such booksellers immediately ceased and desisted from selling "The Dash System" in their respective stores and websites.

18. On information and belief, following the receipt of the Ellis Communications, the Dash Publications were de-listed from "Books in Print," the primary reference source for the book selling trade, and the ISBN numbers for such publications were canceled.

## COUNT I: COPYRIGHT RELIEF OF NON-INFRINGEMENT

19. Plaintiff DSLLC repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

20. Plaintiff DSLLC contends that the creation, marketing, and dissemination of its series of books entitled "The Dash System" is not an infringement of any copyright held by defendant ELLIS or any other person.

21. Plaintiff DSLLC is currently attempting to distribute its series of books entitled "The Dash System" and the associated products, but has been prevented from doing so by the wrongful acts of defendant Ellis, including but not limited to distribution of the "Ellis Communications."

22. Thus, there is a real and continuing controversy between Plaintiff DSLLC and defendant ELLIS regarding whether the creation and/or dissemination of Plaintiff DSLLC's series of books entitled "The Dash System" and its associated products constitutes copyright

4

infringement.

23. Plaintiff DSLLC therefore seeks a declaratory judgment pursuant to 28 U.S.C. Section 2201 and Federal Rule of Procedure 57 for the purpose of determining and adjudicating questions of actual controversy between the parties.

24. Plaintiff DSLLC contends that the creation, marketing, and dissemination of its series of books entitled "The Dash System" is lawful, consistent with the Copyright Act of the United States of America, including those laws prohibiting copyright infringement, laws protecting the First Amendment to the United States Constitution, and judicial decisions construing such laws, doctrines, and provisions.

25. Wherefore, plaintiff DSLLC requests that the Court inquire into, and thereafter determine and adjudge that "The Dash System" does not infringe any copyright held by defendant ELLIS or any other person.

## COUNT II: MISUSE OF COPYRIGHT

26. Plaintiff DSLLC repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

27. Plaintiff DSLLC is informed and believes, and based upon such information and belief alleges that defendant ELLIS' motivation in communicating with national and regional booksellers about "The Dash System" was not to protect any legitimate market for defendant ELLIS' poem "The Dash" as an allegedly copyrighted work or any other interest legitimately protected by copyright law, but instead was to stifle the free speech and artistic expression embodied in "The Dash System."

28. Plaintiff DSLLC is informed and believes and based upon such information and belief alleges that defendant ELLIS knew or should have known that creation, marketing, and dissemination of "The Dash System" did not infringe any copyright held by defendant ELLIS, nor did such creation and dissemination violate any judicial order of any court.

29. Defendant ELLIS engaged in the misuse of its copyright in the poem "The Dash" including but not limited to the dissemination of the continuing Ellis Communications, by representing and implying that the creation, marketing and dissemination of "The Dash System" infringed a copyright owned by defendant ELLIS, when defendant ELLIS knew that such was not the case.

## COUNT III:  TORTIOUS INTERFERENCE WITH COMMERCIAL RELATIONS

30. Plaintiff DSLLC repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint.

31. Defendant ELLIS tortiously interfered with plaintiff DSLLC's commercial relations by engaging in the Ellis Communications as set forth above, which actions by defendant ELLIS have wrongfully disrupted the sale and marketing of "The Dash System" series of books and related products, and which actions by defendant ELLIS have damaged plaintiff DSLLC in an amount in excess of $500,000.00, in an amount to be proven by plaintiff DSLLC with more specificity at trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff DSLLC prays for judgment for itself as follows:

1. A declaratory judgment that as it relates to "The Dash System" series of books and associated products on the one hand, and defendant ELLIS' poem "The Dash" on the other, that:

    (a) the creation, marketing and dissemination of the series of books entitled "The Dash System" and its associated products does not infringe upon any copyright owned or held by defendant ELLIS; and

    (b) any reference to "The Dash System" made on any DSLLC website or any other website does not infringe upon any copyright owned or held by

defendant ELLIS;

2. Damages for copyright misuse against defendant ELLIS according to proof and the enlightened conscience of a fair and impartial jury;

3. Judgment barring defendant ELLIS from enforcing any copyright in and to the Poem "The Dash" unless and until their misuse has ceased;

4. Damages for tortious interference with commercial relations against defendant ELLIS according to proof and the enlightened conscience of a fair and impartial jury;

5. Attorney's fees pursuant to 17 U.S.C. Section 505 and/or other provisions of the Copyright Act, or otherwise as allowed by law;

6. Such other and further relief as the Court shall find just and proper.

**A JURY TRIAL IS DEMANDED FOR COUNTS II, III, AND IV SET FORTH ABOVE.**

_Michael B. Butler_
Michael B. Butler
Attorney for Plaintiff DSLLC
Georgia Bar No. 099913

Law Offices of Michael B. Butler, P.C.
One Decatur Town Center, Suite 250
Decatur, Georgia 30030
TEL: (404) 377-9254
FAX: (404) 377-5776

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DASH SYSTEMS, LLC., <br><br> Plaintiff, <br><br> v. <br><br> LINDA ELLIS, <br> d/b/a LINDA'S LYRICS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action <br> ) <br> ) File No. $\mathcal{S}$ _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF OLIVIA SWINEHART

STATE OF NEW YORK

COUNTY OF SUFFOLK

Before me, an officer authorized to administer oaths, personally appeared OLIVIA SWINEHART, who, being by me first duly sworn, states as follows:

1. My name is OLIVIA SWINEHART. I am over the age of 21 and otherwise competent. I make this affidavit for use in the lawsuit between Dash Systems, LLC., and Linda Ellis. I have personal knowledge of the facts herein stated, except to the extent that I herein state another source for my knowledge.

2. I am the Chief Operating Officer of Dash Systems, LLC. I have carefully read and reviewed each of the allegations of fact set forth in the attached seven (7) page Complaint, and each such assertion of fact is true and correct.

1

OS
4/20/07

FURTHER AFFIANT SAYETH NOT.

_Olivia Swinehart_
Olivia Swinehart

Sworn to and subscribed to
before me this 20th day of
April, 2007.

_Notary Public_
Notary Public

My commission expires:

ROBYN D. WEISMAN
NOTARY PUBLIC, State of New York
No. 4890976
Qualified in Nassau County
Commission Expires April 6, 2011

2

05
4/20/07